UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATIONS, as trustee for the certificate holders of the LXS 2006-12N trust fund,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT Q. BOUGHTON, SR., et al.,<br><br>Defendants. | No. 2:16-cv-02556-TLN-DB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Robert Q. Boughton, Sr., Belinda Boughton, Robert Boughton Jr., and Jeremy Boughton's (jointly "Defendants") Notice of Removal. (ECF No. 1.) Defendant Robert Q. Boughton Sr. also filed a motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 26, 2016, Plaintiff U.S. Bank, National Association ("Plaintiff") filed an unlawful detainer action in the Sacramento County Superior Court of California. (Not. of Removal, ECF No. 1 at 8.) On October 27, 2016, Defendants filed a Notice of Removal in the United States District Court, Eastern District of California. (ECF No. 1.) The Notice of

1

Removal, contains a complaint by Defendant Robert Q. Boughton Sr.  The complaint asserts Plaintiffs violated the Federal Real Estate Settlement Procedures Act ("RESPA") by failing to disclose their relationship to Defendant as a lender and dealer in real properties and that Plaintiff wrongfully foreclosed on the property. (ECF No. 1 at 4–5.)  Defendants allege that Plaintiff's actions caused them to suffer the loss of their home. (ECF No. 1 at 5.)

## II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.   ANALYSIS

Defendants state in the notice of removal that jurisdiction is proper under "28 U.S.C. § 1331 pursuant to 12 U.S.C. § 2605.13. (ECF No. 1 at 2.)  However, Defendants also assert jurisdiction is proper because "the amount in controversy exceeds the sum of $75,000. District court has diversity jurisdiction of the action pursuant to 28 U.S.C. 1332(a)." (ECF No. 1 at 6.)

2

After reviewing the briefing, the Court concludes that Defendants cannot present a viable argument to support federal jurisdiction on either basis.

Subject matter jurisdiction exists where a federal question arises on the face of the complaint or if there is diversity jurisdiction. Here, there is no federal cause of action that would supply this court with original jurisdiction since there is no federal question presented on the face of Plaintiff's complaint. *See Caterpillar*, 482 U.S. at 386 ("federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Simply put, Plaintiff does not bring any claims within the complaint that involve a federal question. Defendants assert that Plaintiffs violated RESPA and seem to imply that this creates federal question jurisdiction. However, defenses that rest on federal question cannot form a basis for federal question jurisdiction. *See Id.* at 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense"). Even though Defendants named the responsive pleading a complaint that does not change the fact that the document is a responsive pleading to Plaintiff's original complaint. Therefore, Defendant is not entitled to removal on the grounds of federal question jurisdiction.

Furthermore, Defendants cannot satisfy the requirements for diversity jurisdiction under section 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." Defendants do not assert that the parties are citizens of different states.

Moreover, the burden of proving the amount in controversy depends on what the plaintiff has pleaded. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007). Plaintiff's complaint alleges damages calculated at $120 per day for the time period that Defendants fail to vacate the premises since August 24, 2016. Should damages be awarded in Plaintiff's favor today the amount in controversy would only be around $7,500. When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009). Defendants allege that the amount in controversy

requirement is met under § 1332(a) based on the "complaint" they filed in response to Plaintiff's unlawful detainer action. However, no case law exists that permits a defendant's counterclaim to be factored into the amount in controversy. *See Franklin v. Car Financial Services, Inc.*, No. 09cv1361–LAB (AJB), 2009 WL 3762687, at *2 (S.D. Cal. Nov. 9, 2009) (discussing the case law supporting this rule). Therefore, Defendants may not meet the amount in controversy requirement by considering their responsive pleading.

Defendants have failed to establish their burden of showing that jurisdiction before this Court is proper based on diversity jursidiction. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the foregoing reasons, the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento. Additionally, the Court has reviewed Defendant Robert Q. Boughton Sr.'s motion for in forma pauperis status (ECF No. 2) and finds that Defendant meets the requisite standard. As such, Defendant's motion for in forma pauperis status is GRANTED.

IT IS SO ORDERED.

Dated: October 31, 2016

Troy L. Nunley
United States District Judge